9 F.3d 1554
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
George N. COMPTON, aka George N. Smith, Defendant-Appellant.
 Nos. 92-10353, 92-10690.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Oct. 5, 1993.
Decided Oct. 28, 1993.
 
 Before: HUG, FARRIS, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Compton appeals his jury conviction and sentence for felony murder on an Indian reservation and use of a firearm during a crime of violence. We affirm.
 
 Two issues are presented:
 
 3
 (1) Whether the district court abused its discretion by denying Compton's motion for a new trial based on newly discovered evidence; and
 
 
 4
 (2) Whether the district court committed reversible error by giving a supplemental jury instruction concerning felony murder.
 
 
 5
 Evidence is "material" in the Brady sense "only if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." United States v. Bagley, 473 U.S. 667, 682 (1985). Although impeachment evidence is subject to disclosure under Brady, where the evidence would not have affected the jury's assessment of the witness's credibility and where the witness was cross-examined vigorously, no new trial is required. United States v. Marashi, 913 F.2d 724, 732 (9th Cir.1990).
 
 
 6
 An attempt may well have been made to use the statement to impeach but prior inconsistent statements would have then been used to impeach the testimony relied upon. The earlier inconsistent statements were closer in time to the event. Testimony at the subsequent trial of White and Manuel was consistent with the earlier statements and inconsistent with the report.
 
 
 7
 Further, under vigorous cross-examination, Smith conceded that his memory was faulty due to the amount of alcohol he had consumed.
 
 
 8
 We have carefully reviewed the record. It is not reasonably probable that disclosure of the notes and report would have altered the result of Compton's trial. We find no abuse of discretion in the denial of Compton's motion for a new trial.
 
 
 9
 The jury requested the supplemental instruction. The court might have responded differently but our review only questions whether what was done was an abuse of discretion. It was not. See United States v. Gaskins, 849 F.2d 454, 459 (9th Cir.1988). Compton does not and cannot argue that the supplemental instruction was an incorrect statement of the law. The instruction neither confused or over emphasized. It also admonished the jury that all instructions were to be considered and that all were equally important.
 
 
 10
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3